[Cite as *State v. Wielinski*, 2019-Ohio-677.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-543 |
| v. | : | (M.C. No. 2016TCR-189444) |
| Gary L. Wielinski, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 26, 2019

**On brief:** *Zach Klein*, City Attorney, *Lara N. Baker*, *Melanie R. Tobias*, and *Orly Ahroni*, for appellant. **Argued:** *Orly Ahroni*.

**On brief:** *Makridis Law Firm, LLC*, and *Dimitrios N. Makridis*, for appellee. **Argued:** *Dimitrios N. Makridis*.

APPEAL from the Franklin County Municipal Court

BRUNNER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Municipal Court issued on July 24, 2017 sustaining a motion to suppress the results of an alcohol breath test. Because the trooper who arrested defendant-appellee, Gary L. Wielinski, for operating a vehicle while under the influence ("OVI") gave the advice required by statute under the circumstances, the trooper's failure to read the entire BMV form 2255 was not a violation of law. Because the trooper did not violate the law, we sustain the State's first assignment of error and find to be moot the State's remaining assignments of error and constitutional arguments.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 6, 2016, at approximately 1:10 a.m., Ohio State Highway Patrol Trooper Jacob Landis observed Wielinski driving without a seatbelt and with one headlight

extinguished.  (Nov. 6, 2016 Ticket; July 24, 2017 Hearing Tr. at 12-13, filed Sept. 8, 2017.)  Before Landis could initiate a stop, Wielinski stopped of his own accord and parallel parked his silver Honda Civic in front of his house.  (Hearing Tr. at 47.)  Landis pulled up behind with his patrol car lights activated.  (State's Ex. 3 at 01:10:58.)  The trooper approached the driver's side window of Wielinski's car on foot and, among other questions, asked where Wielinski was coming from that evening.  (State's Ex. 3 at 01:10:58-01:11:30.)  Wielinski said he had just come from a bar on Sullivant Avenue.  (State's Ex. 3 at 01:11:30-01:11:38.)

{¶ 3}    Landis asked Wielinski to step out of the car and began a conversation about the reason for the stop and how much alcohol Wielinski had consumed at the bar.  (State's Ex. 3 at 01:12:31-01:13:03.)  During this conversation, Wielinski admitted he forgot to use his seatbelt that night, he knew one of his headlights was burned out, and he had consumed five or six beers at the bar.  *Id.*  Landis would later testify that Wielinski smelled strongly of alcohol, had glassy bloodshot eyes, and was somewhat disheveled in appearance, with cigarette ashes down his front.  (Hearing Tr. at 14-15.)

{¶ 4}    Based on Wielinski's appearance and admission to having just come from a bar where he had consumed five or six beers, Landis asked Wielinski to perform the standard field sobriety tests.  (Hearing Tr. at 16-17; State's Ex. 3 at 01:13:50-01:20:53.)  Landis testified (and our review of the cruiser video confirms) that Wielinski behaved appropriately and was extremely polite to the officer but struggled in attempting the tests, particularly the tests involving balance.  (Hearing Tr. at 17-28; State's Ex. 3 at 1:13:50-01:20:53.)  During the administration of the tests, Wielinski, who was having some trouble balancing, stated, with audible verbal stumbling and slurring, that he was a "little bit intoxicated," reminded Landis that he had consumed five or six beers, and said he would do the best he could on the tests.  (State's Ex. 3 at 01:17:26-01:17:36, 01:18:24-01:18:30.)

{¶ 5}    Following administration of the tests, Landis arrested Wielinski for OVI.  (Hearing Tr. at 28; Nov. 6, 2016 Ticket.)  During the course of the arrest, some discussion occurred in which Landis noted that Wielinski possessed a commercial driver's license ("CDL"). (State's Ex. 3, at 01:21:33-01:21:44.)  After Landis read the *Miranda*[1] warnings and placed Wielinski in the patrol car, he indicated that he was going to offer Wielinski the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

opportunity to take a chemical breath test and read verbatim some of the warnings from BMV form 2255. (State's Ex. 3 at 01:21:55-01:22:12.)

{¶ 6} In their entirety, the warnings to be read to suspects from BMV form 2255 are as follows:

> **CONSEQUENCES OF TEST AND REFUSAL (R.C. 4511.192) (MUST BE READ TO OVI/PHYSICAL CONTROL OFFENDER)**
>
> "You now are under arrest for (*specifically state the offense under state law or a substantially equivalent municipal ordinance for which the person was arrested*) operating a vehicle under the influence of alcohol, a drug, or combination of them; operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance; operating a vehicle after underage alcohol consumption; or having physical control of a vehicle while under the influence.[sic] "If you refuse to take any chemical test required by law, your Ohio driving privileges will be suspended immediately, and you will have to pay a fee to have the privileges reinstated/If you have a commercial driver license and refuse to submit to the test or tests you will immediately be placed out-of-service for twenty-four hours; you will be disqualified from operating a commercial motor vehicle for a period of not less than one year; and you will be required to surrender your commercial driver license to me."
>
> "If you have a prior conviction of OVI, OVUAC, or operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance under state or municipal law within the preceding twenty years, you now are under arrest for state OVI, and if you refuse to take a chemical test, you will face increased penalties if you subsequently are convicted of the state OVI."
>
> "If you have previously pled guilty or been convicted of two or more OVI'S [sic], OVUAC's, or equivalent offenses in the previous six years, or pled guilty or been convicted of five or more OVI'S [sic], OVUAC's, or equivalent offenses in the previous twenty years, or pled guilty or been convicted of a felony of any of the above violations, and you refuse to submit to a chemical test required by law, I am authorized to use whatever reasonable means are necessary to ensure that you submit to a chemical test."

(*Read this part unless the person is under arrest for solely having physical control of a vehicle while under the influence*.)
"If you take any chemical test required by law and are found to be at or over the prohibited amount of alcohol, a controlled substance, or a metabolite of a controlled substance in your whole blood, blood serum or plasma, breath, or urine as set by law, your Ohio driving privileges will be suspended immediately, and you will have to pay a fee to have the privileges reinstated. [sic]

"If you take a chemical test, you may have an independent chemical test taken at your own expense."

---

**CONSEQUENCES OF TEST AND REFUSAL – OUT-OF-SERVICE (R.C. 4506.17) (MUST BE READ IN ADDITION TO THE ABOVE TO AN OFFENDER WHO IS THE HOLDER OF A COMMERCIAL DRIVER LICENSE OR IS DRIVING A COMMERCIAL VEHICLE)**

"I am a law enforcement officer; I have probable cause to stop or detain you. After investigating the circumstances, I have probable cause to believe you were operating a motor vehicle in violation of section 4506.15 of the Ohio Revised Code. I request that you submit to a test or tests of your blood, breath, or urine for the purpose of determining your alcohol concentration or the presence of any controlled substance. If you refuse to submit to the test or tests you will immediately be placed out-of-service for twenty-four hours; you will be disqualified from operating a commercial motor vehicle for a period of not less than one year; and you will be required to surrender your commercial driver license to me."

(Emphasis sic.) (State's Ex. 4 at 2.) Landis read the portion of the form from above the line during the cruiser video. (State's Ex. 3 at 01:28:36-01:30:06.) When Landis later testified, he could not recall whether he ever read the portion below the line to Wielinski. (Hearing Tr. at 35, 72-78.)

{¶ 7} After reading the above-the-line portion of the form to Wielinski, Landis offered some further explanation about the meaning of the form. Specifically, Landis summarized that if Wielinski refused to take the test, his license would be suspended for one year, but if he took the test and tested above 0.08, his license would be suspended for 90 days. (State's Ex. 3 at 01:30:06-01:30:24.) Wielinski immediately indicated he wanted

to take the test.  (State's Ex. 3 at 01:30:24-01:30:26.)  Wielinski ultimately tested at 0.093. (Nov. 6, 2016 Ticket.)

{¶ 8}    Wielinski was charged with OVI as a violation of R.C. 4511.19(A)(1)(a) and (d). *Id.*  During a suppression hearing, the defense argued that Wielinski was not fully instructed as required by BMV form 2255 and was misinformed by the officer's interpretation of the form.  (Hearing Tr. at 87, 91.)  Following the hearing, the trial court suppressed the results of the breath test.  (July 24, 2017 Entry.)  It said, "M[o]t[io]n to suppress breath test is sustained as not being done knowingly and voluntarily following advice by of[fi]c[er]." *Id.*

{¶ 9}    The State has now appealed the exclusion of the breath test result because the exclusion "rendered the State's proof with respect to the pending charge of R.C. 4511.19(A)(1)(d) so weak in its entirety that any reasonable possibility of effective prosecution of this charge has been destroyed."  (July 31, 2017 Notice of Appeal.)

## II. ASSIGNMENTS OF ERROR

{¶ 10}  The State assigns three errors for review:

> [1.] The trial court erred in suppressing the defendant's breath test result because the officer substantially complied with the advisement in BMV Form 2255.
>
> [2.] The trial court erred in suppressing the defendant's breath test result because the officer's incomplete recitation of BMV Form 2255 was not a constitutional violation requiring exclusion of the evidence, but, rather, a statutory violation for which the legislature did not provide a remedy.
>
> [3.] The trial court erred in suppressing the defendant's breath test result because the officer was not required to advise him of the consequences to his commercial driver's license if he tested over the legal limit other than the immediate suspension of his Ohio driving privileges, and a lack of advisement is not a constitutional violation requiring exclusion of the test.

Because it proves dispositive of this appeal, we address the first assignment of error and find the remaining assignments to be moot.

## III.  DISCUSSION

{¶ 11} Generally, in reviewing a decision on a motion to suppress, we afford deference to the trial court's factual determinations and review its recitation of historical

facts for "clear error," but we review statements of law and the application of law to facts de novo. *See, e.g., Ornelas v. United States*, 517 U.S. 690, 699 (1996); *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, ¶ 50; *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. In this case, the trial court did not produce findings of fact except insofar as it found that Landis had given advice and Wielinski had relied on it. (July 24, 2017 Entry.) Whether Landis's advice was correct and sufficient are legal questions.

{¶ 12} The State argues that Landis gave the advice required by law and that the trial court therefore erred in deciding to suppress the breath test results on the basis that Landis had not properly advised Wielinski. (State's Brief at 7-13.) We agree. Ohio law requires a suspect who holds a CDL and who is asked to submit to an alcohol test "shall be advised by the peace officer that a refusal to submit to the test will result in the person immediately being placed out-of-service for a period of twenty-four hours and being disqualified from operating a commercial motor vehicle for a period of not less than one year, and that the person is required to surrender the person's commercial driver's license or permit to the peace officer." R.C. 4506.17(C). Landis gave that advice when he read the above-the-line portion of the form containing this language:

> If you have a commercial driver license and refuse to submit to the test or tests you will immediately be placed out-of-service for twenty-four hours; you will be disqualified from operating a commercial motor vehicle for a period of not less than one year; and you will be required to surrender your commercial driver license to me.

(State's Ex. 4 at 2.) The below-the-line portion of the form is substantially the same:

> If you refuse to submit to the test or tests you will immediately be placed out-of-service for twenty-four hours; you will be disqualified from operating a commercial motor vehicle for a period of not less than one year; and you will be required to surrender your commercial driver license to me.

*Id.* There is no requirement in Ohio law that the officer give the same advice twice.

{¶ 13} The only substantial addition in the below-the-line portion of the form, as compared to the above-the-line portion of the form, is the below-the-line portion includes an allegation (consistent with Ohio Administrative Code 4501:1-1-25(A)(4)) that the suspect was violating "section 4506.15 of the Ohio Revised Code." (State's Ex. 4 at 2.) Although Wielinski may have been violating R.C. 4506.15(A)(6) by holding a CDL and

driving a motor vehicle in violation of R.C. 4511.19, Wielinski was not operating a commercial vehicle (which is a predicate for most violations of R.C. 4506.15), and he was not actually charged with a violation of R.C. 4506.15. (Nov. 6, 2016 Ticket) (charging violations of R.C. 4511.19(A)(1)(a); R.C. 4511.19(A)(1)(d); R.C. 4513.263(B)(1); R.C. 4513.04). Since Landis apparently had no intention of charging Wielinski with a violation of R.C. 4506.15, we hold that he was not required to advise Wielinski that he had probable cause to believe Wielinski had violated R.C. 4506.15.

{¶ 14} Wielinski argues obtaining a chemical test is a search within the meaning of the Fourth Amendment, and implied consent, as set forth in R.C. 4511.191, can only successfully be applied to defeat the warrant requirement where the arresting officer strictly complies with the statutes and gives all required advisements prior to administering the test. (Wielinski Brief at 4-16.) There is no need to address those arguments because we find the officer in this case complied with the statutes and gave all necessary and appropriate advice to Wielinski, not charging him with a violation of R.C. 4506.15.

{¶ 15} In short, Landis's summation accurately informed Wielinski that, based on what he was being charged with, he would likely be subject to an administrative license suspension of 90 days if he took and failed the breath test as compared to one year if he refused the test. Landis did not speculate on the disqualification consequences to Wielinski's CDL if charged under that framework nor did he elaborate on the possibility of a court-imposed general license suspension if Wielinski were to be found guilty of a garden-variety OVI. Landis's summation could not be construed as false or misleading since it was a correct (though limited) summation of the consequences facing Wielinski as a consequence of being charged with a standard OVI, pursuant to R.C. 4511.19, and since Wielinski was not charged with a violation of the CDL statute, R.C. 4506.15.

{¶ 16} We sustain the State's first assignment of error. The State's remaining two assignments of error are therefore moot and considered no further.

## IV. CONCLUSION

{¶ 17} Wielinski was advised as required by R.C. 4506.17 when the arresting trooper read the above-the-line portion of BMV form 2255. Because Wielinski was charged with OVI under the general OVI statute (R.C. 4511.19) and not under the CDL OVI statute (R.C. 4506.15), the trooper was not required to read the below-the-line portion of BMV form 2255 advising Wielinski that probable cause existed to arrest him for a violation of R.C.

4506.15. Additional advice given by the trooper about the consequences of compliance with a chemical test was incomplete but not incorrect. Accordingly, we conclude that the trooper did not violate Ohio law in arresting Wielinski for OVI, we sustain the State's first assignment of error, and we therefore find it unnecessary to address the State's remaining assignments of error. The judgment of the Franklin County Municipal Court is reversed and remanded.

*Judgment reversed and cause remanded*

HORTON, J., concurs.
SADLER, J., concurs in part and concurs in judgment.

SADLER, J., concurring in part and concurring in judgment.

{¶ 18} The dispositive question raised by this appeal is whether Ohio Highway Patrol Trooper Jacob Landis was required, as a condition of obtaining valid consent to a chemical breath test, to read to appellee the advice appearing in the lower portion of BMV Form 2255 after having read appellee the very same advice from the upper portion of BMV Form 2255. I agree with the conclusion of the majority that "[t]here is no requirement in Ohio law that the officer give the same advice twice." (Majority Decision at ¶ 12.) Therefore, I concur in the majority's resolution of the assignments of error and in the reversal of the trial court's judgment.

{¶ 19} However, I find unnecessary to our resolution of this appeal any discussion regarding additional advice Landis may have been required to give appellee had he been charged with OVI under R.C. 4506.15. Such a discussion goes beyond the facts before the court. Also unnecessary to our resolution of this appeal is an opinion as to the accuracy and completeness of any additional advice Landis may have given to appellee beyond that which is required to obtain valid consent under R.C. 4506.17(C). I believe opinions on these issues are dicta because they are irrelevant to the issue of consent raised by this appeal. Because the majority decision includes such dicta as part of the analysis, I cannot fully concur with the majority decision.

{¶ 20} Accordingly, I respectfully concur in part and concur in judgment.